# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZEIN E. OBAGI, M.D., an individual; and ZO SKIN HEALTH, INC., a California corporation;<br><br>Plaintiffs,<br><br>v.<br><br>VALLEY FORGE INSURANCE COMPANY, a foreign corporation; CONTINENTAL CASUALTY COMPANY, a foreign corporation; FEDERAL INSURANCE COMPANY, a foreign corporation; ALEXANDER E. POTENTE, an individual; and DOES 1 to 50, inclusive,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIM | Case No. 2:20-cv-07059 AB (GJS)<br><br>**STIPULATED PROTECTIVE ORDER RE: USE AND DISCLOSURE OF CONFIDENTIAL INFORMATION**<br><br>**[Fed. R. Civ. Proc. § 26(c)]** |

# STIPULATED PROTECTIVE ORDER

Plaintiffs and Counter-Defendants ZO Skin Health, Inc. ("ZOSH"), and Zein E. Obagi, M.D. ("Dr. Obagi", and collectively with ZOSH, "ZOSH Parties" or "Plaintiffs"), Defendants Valley Forge Insurance Company ("VFIC") and Continental Casualty Company ("CCC"), and Defendant and Counter-Complainant Federal Insurance Company ("Federal", and collectively with VFIC and CCC, "Defendants"), by and through their respective undersigned counsel and subject to the approval of this Court, hereby agree to and request that the Court enter this stipulated protective order, pursuant to Fed. R. Civ. Proc. § 26(c), in order to protect confidential information obtained by the parties in this case.

## I.   PURPOSES AND LIMITATIONS

A. Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following stipulated protective order.

B. The parties acknowledge that this order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section XIII(C), below, that this stipulated protective order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

## II. GOOD CAUSE STATEMENT

This action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.

Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.

This action concerns Defendants' alleged breaches of contract and breaches of the covenant of good faith and fair dealing, related to several insurance policies issued by Defendants to Plaintiffs for Plaintiffs' commercial activities.

Plaintiff's competitor, non-party Obagi Medical Products, f.k.a. Worldwide Products, n.k.a. Obagi Cosmeceuticals LLC ("OCL"), was originally founded by Dr. Obagi, who subsequently left OCL and founded ZOSH. Pursuant to a previous settlement agreement between OCL and Plaintiffs, OCL demanded arbitration against Plaintiffs for: (1) breach of the settlement agreement; (2) trademark infringement; (3) false or misleading advertising; (4) unfair competition; and (5) false advertising. The dispute between OCL and Plaintiffs, concerned substantial information that is proprietary and commercial in nature, related to OCL and Plaintiffs' business practices.

Plaintiffs submitted OCL's claims to Defendants for coverage. Defendants denied coverage of OCL's arbitration demand. Plaintiffs retained private counsel to defend them in the arbitration. Ultimately, Plaintiffs prevailed in arbitration with respect to OCL's claims, and this action followed.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable, necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

### III. DEFINITIONS

A. <u>Action</u>: This pending action and counterclaim.

B. <u>Challenging Party</u>: A Party or Non-Party that challenges the designation of information or items under this Order.

C. <u>"CONFIDENTIAL" Information or Items</u>: A designation of information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement, that, for purposes of expediency only, may be applied to any document or thing produced in this Action. However, if such designation is challenged, the Challenging Party shall bear the burden of showing that such document or thing constitutes, contains, or reveals its confidential research, development, technical, commercial, financial, or personnel information relating to its business, whereby the unrestricted disclosure or dissemination of such "CONFIDENTIAL" may only be used as provided in this protective order.

D. <u>Counsel</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

E. <u>Designating Party</u>: A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

F. <u>Disclosure or Discovery Material</u>: All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

G. <u>Expert</u>: A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

H. <u>"HIGHLY CONFIDENTIAL" Information or Items ("Attorneys' Eyes Only")</u>: A designation of information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement, that, for purposes of expediency only, may be applied to any document or thing produced in this Action, which shall be limited to (1) trade secrets and/or highly sensitive clinical protocols, product design, formulation, development, or manufacturing information and any non-public patent information related to any of the foregoing, all as it relates to products marketed, or to be marketed, by a Designating Party, which the Designating Party reasonably in good faith believes will result in significant risk of competitive disadvantage or harm if disclosed to another Party in this Action without restriction on use or further disclosure, or (2) any other highly sensitive material upon agreement of the Parties or by order of the Court for good cause shown that disclosure of the material will result in significant risk of competitive disadvantage or harm if disclosed to another Party in this Action without restriction on use or further

disclosure. Information designated as "HIGHLY CONFIDENTIAL" may only be used as provided in this protective order.

I. <u>House Counsel</u>: Attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

J. <u>Non-Party</u>: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

K. <u>Outside Counsel of Record</u>: Attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

L. <u>Party</u>: Any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

M. <u>Producing Party</u>: A Party or Non-Party that produces Disclosure or Discovery Material in this Action.

N. <u>Professional Vendors</u>: Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

O. <u>Protected Material</u>: Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL".

P. <u>Receiving Party</u>: A Party that receives Disclosure or Discovery Material from a Producing Party.

## IV. SCOPE

A. The protections conferred by this stipulation and order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

B. Any use of Protected Material at trial shall be governed by the orders of the trial judge. This order does not govern the use of Protected Material at trial.

## V. DURATION

A. Even after final disposition of this litigation, the confidentiality obligations imposed by this order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## VI. DESIGNATING PROTECTED MATERIAL

A. Exercise of Restraint and Care in Designating Material for Protection

Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

B. <u>Manner and Timing of Designations</u>

1. <u>Designation of Documents and Things</u>

A designation shall be accomplished by stamping the relevant page with the term "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL". Where a document or response consists of more than one page, the first page and each page on which confidential information appears shall be so designated. A party that makes original documents or materials available for inspection need not designate them as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" until after the inspecting party has indicated which materials it would like copied and produced. During the inspection and before the designation and copying, all of the material made available for inspection shall be considered "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL". In such cases, permitting such initial inspections shall not constitute waiver of confidentiality with respect to any document or thing so inspected.

2. <u>Designation of Written Discovery and Deposition Testimony</u>

A Party or Non-Party may designate information disclosed during a deposition or in response to written discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by so indicating in said responses or on the record at the deposition and requesting the preparation of a separate transcript of such material. In addition, a Party or Non-Party may designate in writing, within thirty (30) days after receipt of said responses or of the deposition transcript for which the designation is proposed, that specific pages of the transcript and/or specific responses be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL". Any other party may object to such proposal, in writing or on the record. Upon such objection, the parties shall follow the procedures described in Section VIII below. After any designation made according

to the procedure set forth in this paragraph, the designated documents or information shall be treated according to the designation until the matter is resolved according to the procedures described in Section VIII below, and Counsel for all Parties shall be responsible for marking all previously unmarked copies of the designated material in their possession or control with the specified designation.

        3.        Designation Non-Party Discovery

A Party may designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" documents or discovery materials produced by a Non-Party by providing written notice to all Parties of the relevant document numbers or other identification within thirty (30) days after receiving such documents or discovery materials.

        C. Inadvertent Failure to Designate

In the event that any document or thing qualifying for designation as confidential information is inadvertently produced without the proper designation, the Designating Party shall identify such document or thing promptly after its inadvertent production is discovered and provide a copy of such document or thing with the proper designation to Counsel for the Receiving Party, upon receipt of which the Receiving Party shall promptly return or destroy all copies of the undesignated document or thing. Upon written request by the Designating Party, the Receiving Party will provide written verification of compliance with this provision. If a Party has actual knowledge that material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL", is being used or possessed by a person not authorized to use or possess that material, regardless of how the material was disclosed or obtained by such person, the Party shall provide immediate written notice of the unauthorized use or possession to the Party whose material is being used or possessed. No Party shall have an affirmative obligation to inform itself regarding such possible use or possession.

In the event that any document or thing containing or constituting privileged attorney-client communications or attorney work product is inadvertently produced, the

Producing Party shall notify the Receiving Party promptly after it is discovered that the privileged material was inadvertently produced for inspection or provided, and upon receipt of such notification the Receiving Party shall promptly return to Counsel for the Producing Party any and all copies of such document or thing and thereafter refrain from any use whatsoever, in this case or otherwise of such document or thing. Nothing herein shall prevent the Receiving Party from contending that any such document or thing was not inadvertently produced, or that privilege was waived for reasons other than the mere inadvertent production thereof.

In the event that a Receiving Party receives a document or thing containing privileged attorney-client communications or attorney work product that the Receiving Party believes has been inadvertently produced, the Receiving Party shall notify the Producing Party promptly after it is discovered that the privileged material may have been inadvertently produced for inspection or provided. If a Producing Party has notified the Receiving Party of inadvertent production hereunder, or has confirmed the inadvertent production called to its attention by the Receiving Party, the Receiving Party shall promptly return to counsel for the Producing Party any and all copies of such document or thing and thereafter refrain from any use whatsoever, in this case or otherwise of such document or thing. Nothing herein shall prevent the Receiving Party from contending that any such document or thing was not inadvertently produced, or that privilege was waived for reasons other than the mere inadvertent production thereof.

## VII. ACCESS TO AND USE OF PROTECTED MATERIAL

### A. Basic Principles

All material designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" that is produced or exchanged in the course of this case (not including information that is publicly available) shall be used by the Party or Parties to whom the information is produced solely for the purpose of prosecuting, defending, or attempting to settle this Action. Such Protected Material may only be disclosed to the categories of persons and

under the conditions described in this order and shall not be used for any commercial, competitive, personal, or other purpose. When the Action has been terminated, a Receiving Party must comply with the provisions of Section XIV below. Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this order.

### B. Disclosure of "CONFIDENTIAL" Information or Items

Except with the prior written consent of the other Parties, or upon prior order of the Court obtained upon notice to opposing Counsel, material designated as "CONFIDENTIAL" shall not be disclosed to any person other than:

(1) Counsel for the respective Parties to this Action as it is reasonably necessary to disclose the information for this Action;

(2) individual Parties or officers, employees, or directors of a party, to the extent deemed necessary by Counsel for the prosecution or defense of this Action;

(3) Experts and Professional Vendors retained for the prosecution or defense of this Action, provided that each such person shall execute a copy of the Certification annexed to this order;

(4) the authors or recipients of the "CONFIDENTIAL" material in the regular course of business;

(5) the Court and its personnel;

(6) Court reporters and their staff;

(7) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions; and any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions; and

(8) during their depositions, witnesses and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (i) the deposing party requests that the witness sign the Certification attached hereto before being shown any Protected Material, and (ii) they will not be permitted to keep any Protected Material unless they sign the Certification, unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this stipulated protective order.

C. Disclosure of "HIGHLY CONFIDENTIAL" Information or Items

Except with the prior written consent of the other Parties, or upon prior order of the Court obtained upon notice to opposing counsel, material designated as "HIGHLY CONFIDENTIAL" shall not be disclosed to any person other than:

(1) Counsel for the respective Parties to this Action, to whom it is reasonably necessary to disclose the information for this litigation;

(2) Experts or consultants retained for the prosecution or defense of this Action, provided that each such person shall execute a copy of the Certification annexed to this order;

(3) the authors or recipients of the "HIGHLY CONFIDENTIAL" material in the regular course of business; and

(4) the Court and its personnel; and

(5) court reporters and their staff.

D. Request for Additional Disclosure

Any persons receiving material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall not reveal or discuss such information to or with any person who is not entitled to receive such information, except as set forth herein.

If any Counsel desires to communicate a Designating Party's confidential information to any person other than those otherwise permitted access to such information under the terms of this protective order, such counsel shall first obtain written consent of the Designating Party or the Court authorizing such disclosure.

## VIII. CHALLENGING CONFIDENTIALITY DESIGNATIONS

A. Timing of Challenges

The Challenging Party may give written notice to the Designating Party within thirty (30) days of any designation of information or items as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL".

. Meet and Confer

The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1, *et seq*.

A. Burden of Persuasion

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the Court rules on the challenge.

## IX. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

A. If another court or administrative agency subpoenas or orders production of material designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL", such Party shall:

1. promptly notify Counsel for the Designating Party or Producing Party of the pendency of such subpoena or order and shall furnish counsel with a copy of said

subpoena or order. The Designating Party or Producing Party shall have a minimum of thirty (30) days to object thereto or to intervene for the purpose of seeking a protective order to prevent or limit the disclosure;

    2.   promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this protective order. Such notification shall include a copy of this stipulated protective order; and

    3.   cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party or Producing Party whose Protected Material may be affected.

    B.   If the Designating Party or Producing Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party or Producing Party's permission. The Designating Party or Producing Party shall bear the burden and expense of seeking protection in that court of its Protected Material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

### X.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

    A.   The terms of this order are applicable to information produced by a Non- Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL". Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

B. In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1. promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2. promptly provide the Non-Party with a copy of the stipulated protective order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3. make the information requested available for inspection by the Non-Party, if requested.

C. If the Non-Party fails to seek a protective order from this Court within fourteen (14) days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

### XI. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

A. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this stipulated protective order, the Receiving Party must immediately (1) notify in writing the Designating Party of the unauthorized disclosures, (2) use its best efforts to retrieve all unauthorized copies of the Protected Material, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this order,

and (4) request such person or persons to execute the Certification annexed to this order.

## XII. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

A.  When a Designating Party or Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Fed. R. Civ. Proc. § 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Fed. R. Evid. § 502(d) and (e), insofar as the Parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the Parties may incorporate their agreement in the stipulated protective order submitted to the Court.

## XIII. MISCELLANEOUS

A. Right to Further Relief

Nothing in this order abridges the right of any person to seek its modification by the Court in the future.

. Right to Assert Other Objections

By stipulating to the entry of this protective order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this stipulated protective order. Similarly, no party waives any right to object on any ground to use in evidence of any of the materials covered by this protective order.

. Filing Protected Material

A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a

Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

## XIV. **FINAL DISPOSITION**

A. All provisions of this order restricting the communication or use of material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall continue to be binding after the conclusion of this Action, unless otherwise agreed or ordered.

B. Within thirty (30) days after the final disposition of this Action, as defined in Section V, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.

C. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 30 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this protective order as set forth in Section V.

D. Any violation of this order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

All signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: March 12, 2021　　　　**COZEN O'CONNOR**

By: /s/ Rebekah R. Shapiro
　　Irene K. Yesowitch
　　Michael W. Melendez
　　Rebekah R. Shapiro
Attorneys for Defendant and Counter-Complainant FEDERAL INSURANCE COMPANY

Dated: March 12, 2021　　　　**COLLINS | FORD, LLP**

By: /s/ Michael D. Collins
　　William H. Ford, III
　　Michael D. Collins
Attorneys for Plaintiffs and Counter-Defendants ZO SKIN HEALTH, INC., and ZEIN E. OBAGI, M.D.

Dated: March 12, 2021　　　　**OBAGI LAW GROUP, P.C.**

By: /s/ Zein E. Obagi, Jr.
　　Zein E. Obagi, Jr.
　　Hee J. Kim, Of Counsel
　　Tara Hattendorf
Attorneys for Plaintiffs and Counter-Defendants ZO SKIN HEALTH, INC., and ZEIN E. OBAGI, M.D.

Dated: March 12, 2021　　　　**CNA COVERAGE LITIGATION GROUP**

By: /s/ Robert C. Christensen
Robert C. Christensen
Attorneys for Defendants
VALLEY FORGE INSURANCE
COMPANY and CONTINENTAL
CASUALTY COMPANY

Dated: March 12, 2021

**WILEY REIN**

By: /s/ Leland H. Jones, IV
Leland H. Jones, IV
Attorneys for Defendants
VALLEY FORGE INSURANCE
COMPANY and CONTINENTAL
CASUALTY COMPANY,
admitted *pro hac vice*

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

Dated: April 14, 2021

GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A
# CERTIFICATE

I, _____ [print or type full name], hereby certify and declare under penalty of perjury that I have carefully read in its entirety and fully understand the stipulated protective order in the court proceeding entitled *Obagi, et al.* v. *Valley Forge Ins. Co. et al.,* Case No.: 2:20-cv-07-59-AB-GJS, in the United States District Court for the Central District of California (the "Order"), a copy of which is attached.

I agree to comply with and to be bound by all the terms of this stipulated protective order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this stipulated protective order to any person or entity except in strict compliance with the provisions of this Order

I further agree to submit to the personal jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this stipulated protective order, even if such enforcement proceedings occur after termination of this action.  I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this stipulated protective order.

Date: _____

City and State where sworn and signed: _____

Printed Name: _____

Signature: _____